UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA ELIZABETH TOWNSEND,<br><br>Defendant. | NO:  13-CR-6068-TOR<br><br>ORDER ON DEFENDANT'S PRETRIAL MOTIONS |

BEFORE THE COURT are Defendant's: Motion for Disclosure of Exculpatory Evidence Maintained in the IRS's Administrative System of Records (ECF No. 30); Motion to Compel Discovery, Preserve Discovery and for Leave to File Further Motions (ECF No. 31); Motion to Dismiss Counts 1-10, etc., (ECF No. 34); and Motion for Disclosure of Minutes of the Grand Jury and Tax Returns and Tax Return Information (ECF No. 35).  The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

///

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 1

1.  **Defendant's Motion for Disclosure of Exculpatory Evidence (ECF No. 30)**

Defendant seeks 40 categories of information from the IRS for the years 2002 to present, including: the Individual Master File (IMF) and Business Master File (BMF) pertaining to herself, three others with her same last name (collectively referred to by the Defendant as "the Townsends"), three business entities with Townsend in their name (collectively referred to by the Defendant as "the Townsends' entities"), and every employee and contractor for the Townsend entities; a host of specific documents allegedly maintained by the IRS pertaining to the Townsends and the Townsends' entities; documents which would assist in decoding these documents; and all documents relating to every electrical contractor and journeyman doing business in the State of Washington.

The United States resists Defendant's discovery request explaining the limited nature of the charges against the Defendant and summarizing the information it has already provided:

> Here, the Government has produced in discovery Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340) reflecting information in the IMF and BMF and tax returns filed by the Defendant. The Government also has produced in discovery copies of the actual Forms 941, Forms 1120S, and Forms 1040 that the Defendant filed. The Government also has produced in discovery the Information Returns Master File Payer Request (IRPTRR) for Forms W-2 issued to employees by TCI. The Government also has produced in discovery TCI business records showing that the Defendant withheld Federal income tax withholdings and FICA for

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 2

TCI employees. The company's own books and records (that were provided to the IRS Special Agent investigating the case) show that the company's employees were W-2 wage earners and not independent contractors. These books and records have been produced in discovery.

ECF No. 46 at 2-3. The United States contends Defendant's requests are "blanket demands" for which not the "slightest heed" should be given. ECF No. 46 at 5, 9 (*citing United States v. Augurs*, 427 U.S. 97, 106 (1976). The United States also contends Defendant has failed to establish the requisite materiality of the records such that Rule 16 would require their disclosure.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Over time a patchwork of statutory and judge-made rules has evolved to govern criminal discovery. Those rules include: (1) the Jencks Act; (2) the Federal Rules of Criminal Procedure; and (3) *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

Rule 16 of the Federal Rules of Criminal Procedure governs criminal discovery. It has been significantly expanded since the Rules were first adopted, and it now imposes discovery obligations both on the government and the defense. *See* Fed. R. Crim. P. 16. Unlike civil discovery, where some materials are automatically produced as a matter of right, in criminal discovery, the defendant must invoke the right to discovery. *Compare* Fed. R. Crim. P. 16(a)(1) with Fed. R. Civ. P. 26(a). Once a defendant makes a Rule 16 discovery request and the

government complies, the government is entitled to seek reciprocal discovery from the defendant. *See* Fed. R. Crim. P. 16(b)(1). The Ninth Circuit recently outlined the district court's role in the discovery process in light of the obligations imposed by Rule 16:

> Congress has thus addressed the kinds of information the government and defendants are obligated to provide to each other before trial by way of discovery and the district court's authority to enforce those obligations. Rule 2 bolsters that authority by instructing that the rules "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." The thrust of Rule 16-viewed in light of Rule 2-is to allow the district court to ensure that the parties comply with the letter and spirit of the rule.

*United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008). Rule 16 also requires disclosure of documents "material to preparing the defense." Rule 16(a)(1)(E)(i); *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183-1184 (9th Cir. 2013). "A defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id*. (citation omitted). "General descriptions of the information sought or conclusory allegations of materiality" are insufficient. *Id*. (citation and brackets omitted).

   *Brady v. Maryland* held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is

material either to guilt or to punishment, irrespective of the good faith or bad faith

of the prosecution." 373 U.S. at 87.  In *United States v. Bagley*, 473 U.S. 667

(1985), the Supreme Court disavowed any difference between exculpatory and

impeachment evidence for *Brady* purposes.  Despite the Government's argument to

the contrary, *Bagley* also held that regardless of request, favorable evidence is

material, and constitutional error results from its suppression by the government,

"if there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different." 473 U.S. at 682

(it abandoned the distinction between the "specific-request" and "general – or no-

request" situations).

      The Ninth Circuit summarized the obligation of the prosecutor concerning

*Brady* material under *Kyles v. Whitley*, 514 U.S. 419 (1995):

> Moreover, as we have previously held:
>
> > actual awareness (or lack thereof) of exculpatory evidence
> > in the government's hands, ... is not determinative of the
> > prosecution's disclosure obligations. Rather, the prosecution
> > has a duty to learn of any exculpatory evidence known to
> > others acting on the government's behalf. Because the
> > prosecution is in a unique position to obtain information
> > known to other agents of the government, it may not be
> > excused from disclosing what it does not know but could
> > have learned.

*United States v. Price*, 566 F.3d 900, 909 (9th Cir. 2009) (*citing Carriger v.*

*Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1997) (*en banc*)).  The Government

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 5

correctly notes that *Brady* is not a discovery rule, but then incorrectly claims the materiality test of Rule 16 and *Brady* are interchangeable.  ECF No. 46 at 5-9. They are not.  Rule 16(a)(1)(E)(i) only requires demonstration that the "item is material to preparing the defense" not that it's materiality rise to the level of a reversible Constitutional violation for the failure to disclose it.

The Government has acknowledged its broad *Brady* obligations and has professed to have complied with them.  Concerning the 40 itemized categories of information Defendant seeks, there has been insufficient showing that they are "material to preparing the defense." Thus, Defendant's requests are denied. However, IRS Document 6209 is purportedly an index containing definitions for the codes found on some of the records the Government has supplied to the Defendant.  For this, the Defendant has shown that it is material to preparing a defense to know what those codes mean on the documents the Government has supplied.  Accordingly, the Government shall provide Document 6209 or its equivalent defining the codes used on the discovery provided.

2.    **Motion to Compel Discovery, Preserve Discovery and for Leave to File Further Motions (ECF No. 31)**

Defendant seeks 23 categories of discovery, a preservation order and leave to file additional motions.

The Government responds that it believes that many of the Defendant's discovery requests have been addressed through its production of discovery. It asks the Court to delay ruling until the pretrial conference. ECF No. 54. The Court declines the Government's invitation.

### 1. Ms. Townsend's Statements

The Government shall promptly disclose all written, recorded and oral statements made by Defendant. F. R. Crim. P. 16(a)(1)(A) and (B).

### 2. Investigative Reports, Notes, and Tape Recordings

Except as required by F. R. Crim. P. 16(a)(1)(A) and (B), all other reports, memoranda or other internal documents made by a government agent in connection with the investigation and prosecution of the case need not be disclosed. F. R. Crim. P. 16(a)(2).

### 3. *Brady* Material

As indicated above, the Government claims to have complied with *Brady* and acknowledges its continuing obligation. This request is denied as moot.

### 4. Ms. Townsend's Prior Record

The Government shall provide Defendant with her criminal record.

### 5. Any Proposed 404(b) Evidence

Rule 404(b) provides in part:

On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of
any such evidence that the prosecutor intends to offer
at trial; and

(B) do so before trial--or during trial if the court, for
good cause, excuses lack of pretrial notice.

Fed.R.Evid. 404(b).  In the interest of efficiently managing discovery and allowing

the defense sufficient advance notice to make effective use of the information, the

Government shall provide notice of any remaining Rule 404(b) evidence to the

Defense no later than **June 2, 2014**.

      6.  <u>Seized Evidence</u>

*See* number 8 below.

      7.  <u>Request for Preservation of Evidence</u>

Defendant provides no authority for such request, but the Government

proceeds at its own peril, should it destroy material evidence.

      8.  <u>Tangible Objects</u>

Defendant seeks disclosure and copies and access to any photographs,

books, papers, documents, buildings, audio and video recordings, or other tangible

objects that are material to the defense or that the Government intends to use in its

case in chief.  The Government shall make the evidence from this case available to

the Defendant for examination and copying.

      9.  <u>Expert Witnesses</u>

The Government shall provide the required Rule 16(a)(1)(G) material for its

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 8

experts **by June 2, 2014**.

        10. Scientific and Other Information

    Government shall provide the required Rule 16(a)(1)(F) material promptly to the defense.

        11. Henthorn Material

    The government has a duty to examine the personnel files of testifying law enforcement officers for *Brady* material. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). *Henthorn* does not require the Government to examine personnel files of law enforcement officers it does not intend to call as a witness. *See United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002). Additionally, a prosecutor may not be ordered by a district court to conduct the *Brady* examination personally. *United States v. Jennings*, 960 F.2d 1488, 1491-92 & n. 3 (9th Cir. 1992) (seeming approval of policy that each agency examine its personnel files and notify the prosecutor of any potential Brady material, and then the prosecutor makes a determination whether the material should be disclosed).

    The Government shall disclose *Henthorn* material to the defense no later than **two weeks before trial**.

        12. Evidence of Bias or Motive to Lie

    The Government shall disclose bias and motive to lie material to the defense no later than **two weeks before trial**.

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 9

### 13. Impeachment Evidence

The Government shall disclose impeachment material to the defense no later than **two weeks before trial**.

### 14. Evidence of Criminal Investigation of Any Government Witness

The Government shall disclose this impeachment material to the defense no later than **two weeks before trial**.

### 15. Evidence Affecting Perception, Recollection, ability to
### Communicate, or Truth Telling

The Government shall disclose this impeachment material to the defense no later than **two weeks before trial**.

### 16. Witness Addresses

Defendant has not shown that it is entitled to the addresses of the Government's witnesses, especially at this time, in light of the Jencks Act.

### 17. Name of Witnesses Favorable to Ms. Townsend

The Government has indicated that it has already provided Brady material. The request is moot.

### 18. Statements Relevant to the Defense

Defendant seeks statement relevant to any possible defense or contention that she might assert in her defense. Without more, it would be impossible for the Government to comply with this request. It is denied.

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 10

19. Giglio Information & Agreements Between the Government and
Witnesses

The Government has indicated that it already provided this information to
the extent it exists.  The request is denied as moot.

20. Informants and Cooperating Witnesses

Pretrial disclosure of the names and addresses of witnesses runs counter to
the Jencks Act.  The Government claims to have complied with Brady.
Accordingly, this request is denied.

21. Bias by Informants or Cooperating Witnesses

The Government shall disclose this impeachment material to the defense no
later than **two weeks before trial**.

22. Jencks Act Material

The Jencks Act imposes an obligation of reciprocal discovery.

The Jencks Act requires the government to disclose to criminal
defendants any statement made by a government witness that is "in
the possession of the United States" once that witness has testified. 18
U.S.C. § 3500(a) & (b) (emphasis added).  The Act, in its current
form, does not distinguish between statements obtained by federal
officials and statements obtained by state or local officials.  Rather,
the text of the statute requires that the government disclose all witness
statements, regardless whether state obtained or federally obtained, so
long as the statements are in the actual possession of the federal
government at the time of the trial.

*United States v. Fort*, 472 F.3d 1106, 1116 -1117 (9th Cir. 2007) (footnote

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 11

omitted); *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986) (a court

order requiring earlier disclosure is unenforceable); *United States v. Alvarez*, 358

F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which

qualifies as both Jencks Act and *Brady* material, the Jencks Act standards

control.") (quoting *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)).

Fed. R. Crim. P. 26.2 is virtually identical to the Jencks Act, and was designed to

incorporate the Act into the criminal rules.  Rule 26.2(a) provides as follows:

> After a witness other than the defendant has testified on direct
> examination, the court, on motion of a party who did not call the
> witness, must order an attorney for the government or the defendant
> and the defendant's attorney to produce, for the examination and use
> of the moving party, any statement of the witness that is in their
> possession and that relates to the subject matter of the witness's
> testimony.

Fed. R. Crim. P. 26.2(a).  Accordingly, while the Court encourages early disclosure

of Jencks Act statements, it cannot order disclosure until after the witness has

testified.

> 23. Residual Request

This comprehensive request is denied as moot.

**Leave to File Additional Motions**

Subsequent to filing this request, Defendant has filed several motions the

Court will entertain.  Thus, this request is denied as moot.

///

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 12

**3.  Motion to Dismiss Counts 1-10, etc., (ECF No. 34)**

Defendant is charged in a ten count Indictment with violation of 26 U.S.C. § 7202, willful failure to pay over payroll taxes, in relevant part as follows:

> On or about the dates indicated as to each count below, in the Eastern District of Washington, MARIA ELIZABETH TOWNSEND, being the President of TCI, and a responsible person with respect to its payroll taxes, and thereby being required to collect, account for, and pay over to the IRS payroll taxes on behalf of TCI and its employees, did willfully fail to pay over to the IRS payroll taxes in the approximate amounts indicated as to each count below. . .

ECF No. 1.

Defendant moves to dismiss the Indictment because she claims she was not on notice that TCI's workers were employees as opposed to independent contractors for which she would have no legal duty to withhold payroll taxes.  ECF No. 34 at 9-10.  She contends the Government cannot prove the workers were in fact employees. Id. at 10-11.  Finally, Defendant contends it would be a Due Process violation to hold her criminally responsible where the requisite knowledge of her legal duty is debatable as a matter of law.  *Id*. at 11-14; ECF No. 62 at 7-8 (reasoning that it would be a Due Process violation to hold her criminally liable for a legal duty defined by the "murky" application of the twenty factor test to the electricians and other workers at TCI). At its base, Defendant's argument is that "The government fails to address the real question of whether electricians, and other TCI workers, were independent contractors [or employees for which

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 13

Defendant would have a legal duty to withhold and pay over payroll taxes]. That critical question of whether a worker is an "employee" can only be answered by proper application of the twenty factor test."  ECF No. 62 at 6.   Defendant contends the Government has not applied the controlling twenty factor test, IRS Revenue Ruling 87-41, either in its investigation nor before the grand jury. *Id.*

For the most part, the Government avoids the issues raised by the Defendant. It cites civil cases for responsible officer liability. ECF No. 48 at 3-5.  It claims the Indictment is properly drafted to provide sufficient notice, for which there is no dispute.  *Id.* at 5-6. It contends the statute at issue survives a Due Process challenge as it is perfectly clear what is forbidden ---willfully failing to pay over employment taxes.  *Id.* at 8.  In display of its misunderstanding of the Defendant's challenge, the Government claims:

> It is unlikely in the extreme that a Defendant would continue to withhold taxes from employees' wages, file Forms 941, and issue Forms W-2 for many consecutive years if she believed those employees were independent contractors.

ECF No. 48 at 8.  Thus, it seems clear that the Government has overlooked the predicate to criminal liability in this case, i.e., that TCI workers were in fact employees as opposed to independent contractors creating a legal duty to withhold and pay over payroll taxes for which Defendant was put on sufficient notice to

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 14

appreciate.  It matters little what the Defendant believes if there was no legal duty

to withhold taxes in the first place.

Federal Rule of Criminal Procedure 12(b)(2) allows a defendant to

"raise by pretrial motion any defense, objection, or request that the court can

determine without a trial of the general issue."  A pretrial motion is generally

"capable of determination" before trial if it involves questions of law rather than

fact.  *United States v. Shortt Accountancy Corp*., 785 F.2d 1448, 1452 (9th Cir.

1986) (citation omitted).  "[T]he district court must decide the issue raised in the

pretrial motion before trial if it is 'entirely segregable' from the evidence to be

presented at trial. If the pretrial claim is 'substantially founded upon and

intertwined with' evidence concerning the alleged offense, the motion falls within

the province of the ultimate finder of fact and must be deferred.  *Id*.

Here, since Defendant's motion raises both questions of fact and questions

of law, the Court will defer the issue for jury consideration and renewal of the

motion at the appropriate time during trial.  Defendant's motion is denied.

## 4.  Motion for Disclosure of Minutes of the Grand Jury and Tax Returns and Tax Return Information (ECF No. 35).

Defendant seeks the disclosure of the minutes of the grand jury and in

particular, the instructions by which the grand jury was instructed as to the

elements of the offenses charged in the indictment.  The Defendant reasons that the

1    "irregularity in the grand jury proceedings establishes a particularized need for the

2    requested grand jury materials" and "[t]hose irregularities form the basis of a due

3    process violation warranting dismissal of the Indictment."  ECF No. 35 at 7.

4         Defendant further seeks all tax returns and tax return information for all of

5    TCI's workers, contending that:

6         All of TCI's workers are potential witnesses in the government's case-
         in-chief, and tax returns and return information are or may be relevant
7         to a matter relating to the charges against Ms. Townsend. Therefore,
         the disclosure of tax returns and tax return information presented to
8         the Grand Jury as it pertains to whether the workers were
         "employees" under the twenty factor test in Rev. Rul. 87-41 is
9         required for the government to comply with its obligations under
         Fed.R.Crim.P. 16, the Jencks Act, and/or *Brady v. Maryland*, 373 U.S.
10        83 (1963) and *Giglio v. U.S.*, 405 U.S. 150 (1972).

11    *Id.* at 4.

12         Here, the predicate offered by the Defendant for obtaining discovery of the

13    grand jury proceeding is insufficient to warrant its disclosure. The grand jury's

14    decision to indict or not is unreviewable in any forum; its decision is final. *United*

15    *States v. Navarro-Vargas*, 408 F.3d 1184, 1201 (9th Cir. 2005) (en banc) (*citing*

16    *Costello v. United States*, 350 U.S. 359, 362–63 (1956)); *see also Kaley v. United*

17    *States*, 134 S.Ct. 1090 (2014). "It would run counter to the whole history of the

18    grand jury institution" to permit an indictment to be challenged "on the ground that

19    there was inadequate or incompetent evidence before the grand jury." *United*

20    *States v. Williams*, 504 U.S. 36, 54 (1992) (*citing Costello*, 350 U.S. at 364)).

1    "Review of facially valid indictments on such grounds "would run counter to the

2    whole history of the grand jury institution[,] [and] [n]either justice nor the concept

3    of a fair trial requires [it]."  *Id*. (*citing Costello*, 350 U.S. at 364)).  It is the fact that

4    its judgments are unreviewable and its deliberations unknowable that gives the

5    grand jury its independence.  *Navarro-Vargas*, 408 F.3d at 1201.

6         The facial validity of the Indictment is not being challenged.  Accordingly,

7    Defendant's motion is denied.

8    **IT IS HEREBY ORDERED:**

9         1.  Defendant's Motion for Disclosure of Exculpatory Evidence Maintained

10            in the IRS's Administrative System of Records (ECF No. 30) is

11            **DENIED**, **except** the Government shall provide IRS Document 6209 or

12            its equivalent defining the codes used on the discovery provided.

13       2.  Defendant's Motion to Compel Discovery, Preserve Discovery and for

14            Leave to File Further Motions (ECF No. 31) is **GRANTED in part, and**

15            **DENIED in part** as indicated herein.

16       3.  Defendant's Motion to Dismiss Counts 1-10, etc., (ECF No. 34) is

17            **DENIED**.

18       4.  Defendant's Motion for Disclosure of Minutes of the Grand Jury and Tax

19            Returns and Tax Return Information (ECF No. 35) is **DENIED**.

20

ORDER ON DEFENDANT'S PRETRIAL MOTIONS ~ 17

1       IT IS SO ORDERED.  The District Court Executive is directed to enter this

2 order and provide copies to counsel.

3       **DATED** May 21, 2014.



           THOMAS O. RICE
          United States District Judge